UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ABBAS ELCHEIKHALI, | ) | CASE NO. 1:09 CV 2434 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| GEICO INSURANCE CO., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On October 19, 2009, pro se plaintiff Abbas Elcheikhali filed this in forma pauperis action against Geico Insurance Company ("Geico"). Mr. Elcheikhali believes the defendant is obligated to pay for injuries he suffered in a 2007 automobile accident. It appears plaintiff predicates this court's jurisdiction on diversity of citizenship. He seeks $300,000 in damages for pain and suffering, which includes compensation for the cost of his damaged truck.

The defendant, properly identified as Geico Indemnity Company, answered the complaint on November 9, 2009. Seven days later, it filed a "Motion to Transfer Venue to the United States District Court for the District of New Jersey, Pursuant to Rule 26(b)(3) [sic] and 28

U.S.C. Section 1404."[1] [Dkt.#5.] Mr. Elcheikhali filed an "Answer" in opposition to the Motion, which is now before the court.

*Background*

Mr. Elcheikhali states that on or about May 31, 2007, "I had hit [sic] truck from the back" while driving on Route 80 East in New Jersey. Although the other vehicle did not stop, plaintiff claims he dialed 911 to report the incident to the police. The police "did not respond."[2] Mr. Elcheikhali then drove to his friend Todo Kopic's house. From there, he telephoned Geico to report the accident. Geico allegedly advised him to take his car to a dealership in Wayne, New Jersey the following day. Plaintiff then left Mr. Kopic's house to return home, but was confronted by federal agents upon arrival at his Cadmus Avenue residence in Elmwood Park, New Jersey. The agents arrested plaintiff immediately and took him into custody where he remained. Almost two weeks later, Mr. Elcheikhali telephoned Geico again and spoke with "Sharlin Paige [to] . . . advice [sic] her of my situation and she said she . . . will [sic] send someone to speak to me in jail[,] no one come [sic] and after that I had to serve prison time." (Compl. at 2.)

It was not until October 13, 2009 when plaintiff "was enable [sic] to contact anyone." He then reached Ms. Paige again who advised plaintiff he needed to verify the accident date because there was no police report. Mr. Elcheikhali averred he "was . . . under sevelant [sic] by United States Secret Service and the FBI and [the] Clifton police department [who] diffenitely [sic] could

---

[1] Considering the nature of the defendant's request, its reference to "Rule 26(b)(3)" is an apparent typographical error. The court presumes its motion is filed pursuant to Rule 12(b)(3), "improper venue."

[2] It is not clear whether plaintiff is claiming he was unable to reach the police by telephone or that they just failed to arrive at the scene of the accident.

verify the date of the accident." (Compl. at 2.)

In spite of Mr. Elcheikhali's suggestion, Geico refused to "resolve this matter" and pay for his injuries and damage to his truck.  Since the accident, plaintiff asserts he has experienced a level of pain that has made it difficult for him to walk.  He has also been on pain killers because of the back and neck injuries he sustained during the accident.  He claims his jail records will show he was unable to walk for three months because of these injuries.  He now seeks $300,000 in damages for his medical expenses and the damage to his truck.

Geico argues in its Motion, pursuant to Civil Rule 12(b)(2), that this action is improperly venued, because no events giving rise to Mr. Elcheikhali's complaint occurred in Ohio. It also claims a transfer under 28 U.S.C. § 1404 is appropriate, fair and convenient because the accident occurred in New Jersey, the policy was issued in New Jersey and the witnesses to the accident reside in New Jersey.  Defendant adds that interpretation of the policy "will be present to the law of New Jersey." (Mot. at 4.)  The propriety of transferring this case pursuant to §1404, however, hinges on whether this court has personal jurisdiction over the defendant.

*Motion to Transfer*
*28 U.S.C. §1404*

Under 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses, and in the interests of justice, transfer any civil action to any other district court or division where the lawsuit might have been brought. According to the Supreme Court,"both the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms." Van

3

Dusen v. Barrack, 376 U.S. 612, 636-37 (1964). The purpose of the provision is to transfer actions brought in a permissible yet inconvenient forum. Martin v. Stokes, 623 F.2d 469, 471 (6th Cir.1980)(emphasis added).

However, "a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir.1993). While Geico asserts this case should be transferred pursuant to § 1404, this assertion is contradicted by its argument that venue is improper.[3] To pursue a § 1404(a) transfer "to any other district . . . where it might have been brought" presupposes the case was properly venued in the transferor court.

*Venue*

Generally, when a civil case is filed and jurisdiction is based solely on diversity of citizenship, the action

> may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a). This general rule of venue is negated, however, by provision (c), which allows for venue when the defendant corporation is subject to personal jurisdiction at the time the suit is

---

[3] In support of its § 1404(a) Motion, Geico cites Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Insurance Company, 8 F.Supp.2d 1008, (N.D. Ohio 1998)(Katz, J.) However, Geico overlooks the fact that Judge Katz first established venue was appropriate in this district; and, thus, GTL was subject to in personam jurisdiction. See id. ("by its business actions, GTL is subject to in personam jurisdiction, thereby rendering it subject to being 'found' in this district under ERISA's venue provision").

4

commenced.[4]

To determine whether venue is proper in this court would of course depend on whether this court has personal jurisdiction over Geico. This would require a determination that: (1) the defendant is amenable to suit under Ohio's long-arm statute; and (2) due process requirements of the Constitution are met. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996); Reynolds v. International Amateur Athletic Fed'n, 23 F.3d 1110, 1115 (6th Cir.1994); In- Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 224 (6th Cir.1972). Essentially, this court's statutory power as well as the constitutional authority to hear the case need to be established in order to extend personal jurisdiction over Geico.

Because this is a diversity case, personal jurisdiction will be ultimately be established by state law. Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir.1980), cert. denied, 450 U.S. 981, (1981). In Ohio, personal jurisdiction may be achieved by minimum contacts with the state as described in Ohio Revised Code § 2307.382, the state's long-arm statute. The statute provides, in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts

---

[4] The relevant section provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

>directly or by an agent, as to a cause of action arising from the person's:
>
>>(1) Transacting any business in this state;
>>
>>(2) Contracting to supply services or goods in this state;
>>
>>(3) Causing tortious injury by an act or omission in this state;
>>
>>(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business ... in this state;
>>
>>(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state ...
>>
>>(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons ...
>>
>>(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state ...
>>
>>(8) Having an interest in, using, or possessing real property in this state;
>>
>>(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
>(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state....
>
>(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

OHIO REV.CODE § 2307.382.  Geico has not asserted any contacts with Ohio as enumerated in the

long-arm statute.  Simply because Geico designated an agent to accept service of process in Ohio

does not constitute consent to personal jurisdiction. Pittock, 8 F.3d at 329 ( "mere designation of an agent in compliance with the service-of-process statute does not automatically eliminate the requirement of minimum contacts to establish personal jurisdiction"(citing Bendix Autolite Corp. v. Midwesco Enters., Inc., 486 U.S. 888, 893 (1988)).

The burden of establishing personal jurisdiction is borne by the plaintiff. Serras v. First Tennessee Bank National Association, 875 F.2d 1212, 1214 (6th Cir.1989). Mr. Elcheikhali has not alleged, however, that his claim arose from defendant's role in any business, contract, or tortious injury in Ohio. Instead, he claims he "only [chose] Ohio because I am in federal custody in Ohio and it is impossible to be transferred to New Jersey for the trial." (Pl.'s Ans. at 3.) This negates the fact that his accident occurred in New Jersey, the contract was signed in New Jersey, and that witnesses likely reside in New Jersey. None of these facts support Mr. Elcheikhali's claim that this court has personal jurisdiction over the defendant in this particular case. There is nothing in the record upon which the court could premise such jurisdiction.

Plaintiff has not met his burden of giving this court any basis upon which to postulate jurisdiction, which raises questions about the propriety of resorting to a transfer under 28 U.S.C. §1404. Accordingly, defendant's request to transfer this case pursuant to §1404 is **denied**. Martin v. Stokes, 623 F.2d 469, 474 (6th Cir.1980)(transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants). Notwithstanding, the denial of defendant's Motion, this court finds transfer of the case pursuant to 28 U.S.C. § 1406(a) appropriate for the reasons set forth below.

*Transfer - Failure to Establish Personal Jurisdiction*

Section 1406(a) allows a district court to grant a change of venue when venue was

improper in the original forum. Flynn v. Greg Anthony Construction Co., Inc., 2003 WL 22598297, at 11(6th Nov. 7,2003)(Congress has enacted a number of statutes that give federal courts the power to transfer cases sua sponte.) Specifically, section 1406(a) provides that a district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Unlike section 1404(a), however, section 1406(a) does not require the district court have personal jurisdiction over the defendants before transferring the case. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (utilizing section 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum).

Section 1406(a) is a provision that "confer[s] broad discretion in ruling on a motion to transfer." Stanifer v. Brannan, 564 F.3d 455, 456-57 (6th Cir.2009). The Sixth Circuit has consistently held that broad discretion is abused when it is not at least exercised. See e.g. Commodities Export Co. v. U.S. Customs Serv., 888 F.2d 431, 439 (6th Cir.1989) (quoting 28 U.S.C. § 1631; citing Taylor v. Social Sec. Admin., 842 F.2d 232, 233 (9th Cir.1988));see also Jackson v. L & F Martin Landscape, No. 08-3904, 2009 WL 1935931 (6th Cir. July 6, 2009)(abuse of discretion for district court to refuse to transfer without determining whether transfer would be in the interest of justice [pursuant to 1406]).

Generally, a plaintiff's choice of forum is to be given substantial weight. If the chosen forum is not the plaintiff's residence, however, his choice is given less consideration. See Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc., 138 F.R.D. 89, 91-92 (N.D.Ohio 1991), aff'd 22 F.3d 1104 (Fed. Cir.1994)(weight given to plaintiff's choice of forum diminished because acts occurred outside the forum but additional weight accorded because plaintiff was headquartered

8

in Ohio). Although Mr. Elcheikhali is incarcerated in this state, it is not where he is domiciled. See Certain Interested Underwriters at Lloyd's v. Layne, 26 F.3d 39, 41 (6th Cir.1994)(for purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled); Stifel v. Hopkins, 477 F.2d 1116, 1120 (6th Cir.1973).

Diversity jurisdiction relies on a party's domicile, not merely his or her residence in a state, and "domicile is established by physical presence in a place in connection with a certain state of mind concerning's one intent to remain there." Id. It is undisputed Mr. Elcheikhali was a resident of New Jersey prior to his current incarceration. Most cases have held that incarceration does not change a prisoner's domicile for purposes of the diversity statute. See Polakoff v. Henderson, 370 F.Supp. 690, 693 (N.D.Ga.1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration"), affirmed, 488 F.2d 977 (5th Cir.1974); and cf. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir )( per curiam )("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration."), cert. denied, 431 U.S. 941 (1977). There is no allegation Mr. Elcheikhali intends to make Ohio his state of residence after his prison term ends.

Mr. Elcheikhali does not dispute his New Jersey residency at the time of the accident, or that his insurance policy was issued in New Jersey or that the accident occurred in New Jersey. He admits the only reason he filed in this court is because he is incarcerated in Ohio. Furthermore, witnesses to the accident live in New Jersey, and the policy was executed in that state. Because Mr. Elcheikhali is incarcerated, his concern that it would be "impossible" for him if the case were transferred to New Jersey is of little consequence. Generally speaking, prisoners who bring civil

actions have no right to be personally present at any stage of the judicial proceedings. In re Wilkinson, 137 F.3d 911, 914(6th Cir.1998)(quoting Holt v. Pitts, 619 F.2d 558, 560 (6th Cir.1980)).

Based on the foregoing, this court finds it is in the interest of justice to transfer this case to the District Court of New Jersey pursuant to 28 U.S.C. § 1406(a).

*Conclusion*

Accordingly, defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is **denied**. Instead, in the interest of justice, this matter **transferred** to the United States District Court for the District of New Jersey **pursuant to 28 U.S.C. §1406(a).** The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: January 19, 2010

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

10